# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| VINCENT B. VIDEGAIN,<br><br>                Petitioner,<br><br>v.<br><br>PHILLIP VALDEZ, Warden, Idaho Correctional Institution; and the IDAHO ATTORNEY GENERAL,<br><br>                Respondents. | Case No. 1:10-CV-00104-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

Currently pending in this habeas corpus matter are Petitioner's Motion for Appointment of Counsel (Dkt. 17) and Respondents' Motion for Partial Summary Dismissal. (Dkt. 8.) The Court finds that decisional process would not be aided by oral argument, and it will resolve these matters on the record after consideration of the parties' written submissions. D. Idaho L. Civ. R. 7.1(d).

For the reasons set forth below, the Court will deny Petitioner's Motion for Appointment of Counsel, and it will grant Respondents' Motion for Partial Summary Dismissal.

## BACKGROUND

In 2004, Petitioner and a co-defendant, Brandon Hussey, were charged with attempting to rob a taxi driver at gunpoint and shooting at the driver. (State's Lodging A-1,

**MEMORANDUM DECISION AND ORDER - 1**

p. 7.) The driver testified that two men approached him, one of whom stuck a gun in the window and demanded money. (State's Lodging A-2, p. 30.) When he saw the gun, the driver sped away and heard gunshots before crashing his taxi into a cement post. (*Id*. at 34.) The driver later identified Petitioner as the man who had threatened him with a gun and demanded money. (State's Lodging A-2, p. 30.) Petitioner testified at his trial, however, that Hussey brandished the gun and fired the shots. (State's Lodging A-2, pp. 177-78.) Petitioner was found guilty as charged, and the state trial court sentenced him to a unified term of 25 years, with a minimum period of confinement of 10 years, for attempted robbery, and a concurrent term of five years for aggravated assault. (State's Lodging A-1, pp. 127-30.)

Before the direct appeal, Petitioner's counsel filed a motion for new trial based on comments that he had overhead from Hussey's attorney, Stewart Morris, who allegedly said that "he had resolved a case in which his client had shot up a taxicab in an attempted robbery." (State's Lodging A-1, p. 140.) When asked, Morris told Petitioner's counsel that Hussey was the client about whom he was speaking. (*Id*.) The trial court scheduled a hearing on the motion, but Petitioner's counsel failed to subpoena Morris to testify. (State's Lodging A-5.) The trial court then denied the motion after concluding that the statement attributed to Morris was unreliable and would not be admissible at a trial. (State's Lodging A-5, pp. 56-57.)

On direct appeal, Petitioner raised a single claim, that the trial court abused its discretion in sentencing him. (State's Lodging C-2.) The Idaho Court of Appeals affirmed, and Petitioner's Petition for Review was denied by the Idaho Supreme Court. (State's

**MEMORANDUM DECISION AND ORDER - 2**

Lodgings C-5, C-8.)

Petitioner next filed a pro se Petition for Post-Conviction Relief, which he amended with the assistance of counsel, raising numerous claims of ineffective assistance of counsel. (State's Lodging D-1, pp. 1-15, 125-30.) The State filed a motion to summarily dismiss the Petition, and the state court dismissed all but six of the claims. (State's Lodging D-2, pp. 38-45.) After an evidentiary hearing on the remaining claims, the court denied relief. (State's Lodging D-1, pp. 140-150.)

Petitioner appealed, but the Idaho Court of Appeals affirmed. (State's Lodging E-1.) The Court of Appeals noted that because post-conviction counsel had conceded that several claims were meritless or could not be proven at an evidentiary hearing, "of the thirteen claims which were summarily dismissed, we need only address four." (State's Lodging E-4, pp. 2-3.) The summarily dismissed ineffective assistance of counsel claims that the Court of Appeals reviewed were (a) trial counsel's failure to advise Petitioner of trial strategies and instruct him on how to testify, (b) trial counsel's failure to recall a defense witness in surrebuttal, and (c) two ineffective assistance of appellate counsel claims. (State's Lodging E-1, pp. 6-8.) These claims were rejected. (*Id.*)

The Court of Appeals also addressed, and rejected, one claim that was resolved after the evidentiary hearing; that is, Petitioner's claim that his trial counsel was ineffective at the hearing on the motion for new trial because he failed to subpoena Hussey's trial counsel, Stewart Morris, to testify in support of the motion. (State's Lodging E-1, pp. 8-11.)

Petitioner was granted permission to file a late Petition for Review in the Idaho Supreme Court. In his Brief in Support, he argued only that "the petition should have been granted based on the proof of ineffective assistance of counsel at the new trial motion." (State's Lodging E-8, p. 8.) The Idaho Supreme Court declined to review the case. (State's Lodging E-10.)

On February 23, 2010, Petitioner filed his Petition for Writ of Habeas Corpus in this Court, alleging (1) that he was denied his right to due process of law under the Fifth and Fourteenth Amendments when the state court "summarily and absent adequate notice dismissed several of his post-conviction claims without an evidentiary hearing," and (2) that he was deprived of his Sixth Amendment right to the effective assistance of trial counsel on various grounds. (Dkt. 1, p. 4.) Chief Magistrate Judge Candy W. Dale conducted an initial review of the Petition and ordered the Clerk to serve it on Respondents. (Dkt. 6.)

Respondents have now filed their Motion for Partial Summary Dismissal, in which they argue that Petitioner's first claim is not cognizable in a federal habeas corpus matter and that the second claim is properly exhausted only to the extent that it raises the same claim that was presented to the Idaho Supreme Court. (Dkt. 8, pp. 1-2.) Petitioner has responded to the Motion. (Dkt. 16.) Because not all parties consented to a Magistrate Judge exercising jurisdiction under 28 U.S.C. § 636(c), the case has since been reassigned to the undersigned District Judge. (Dkt. 19.) Petitioner has also filed a Motion for Appointment of Counsel. (Dkt. 17.)

The Court has reviewed the parties' written submissions and the record, and it is now prepared to resolve these matters.

## MOTION FOR THE APPOINTMENT OF COUNSEL

The magistrate judge previously denied Petitioner's request for the assistance of counsel without prejudice. (Dkt. 6, p. 3.) This Court sees no reason to reconsider that decision.

There is no constitutional right to counsel in a habeas corpus action. *Coleman v. Thompson,* 501 U.S. 722, 755 (1991). A habeas petitioner has a right to counsel, as provided by rule, if an evidentiary hearing is required in his case. *See* Rule 8(c) of the Rules Governing Section 2254 Cases. In addition, the Court may exercise its discretion to appoint counsel for an indigent petitioner in any case where required by the interests of justice. 28 U.S.C. § 2254(h); 18 U.S.C. § 3006A(a)(2)(B). Whether counsel should be appointed turns on a petitioner's ability to articulate his claims in light of the complexity of the legal issues and his likelihood of success on the merits. *See Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

Petitioner has not shown a need for the assistance of counsel on the dispositive motion currently pending before the Court. He has been able to articulate his arguments and claims clearly and sufficiently, and the legal issues do not appear to be overly complex. It is also unclear at this juncture whether the case will proceed to an evidentiary hearing, though that appears unlikely. For these reasons, the Court does not find that it would be in the interests of justice to appoint counsel at this time, and Petitioner's Motion will be denied.

## MOTION FOR PARTIAL SUMMARY DISMISSAL

Respondents contend that Petitioner's first claim—based on his allegation that he was deprived of due process during the post-conviction proceeding—is not cognizable in a habeas corpus proceeding. The Court agrees that errors in a state post-conviction process are not of constitutional dimension and will not provide a basis for federal habeas relief. *See Franzen v. Brinkman*, 877 F.2d 26 (9th Cir. 1989) (holding that "a petition alleging errors in the state post-conviction review process is not addressable through habeas corpus proceedings"); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[i]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). Therefore, Petitioner's first claim will be dismissed.

Respondents next contend that Petitioner did not fairly present any claims of ineffective assistance of counsel to the Idaho Supreme Court other than his allegation of ineffective assistance of counsel in handling the motion for new trial. Respondents argue that all other claims, expressed in Claim B-2 in the Petition, must be dismissed as procedurally defaulted. The Court is persuaded that Petitioner properly exhausted only a single claim of ineffective assistance of counsel, and Respondents' Motion will be granted.

1. Standard of Law

A habeas petitioner must exhaust his remedies in the state courts before a federal court can grant relief on constitutional claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). This means that the petitioner must invoke one complete round of the state's established appellate review process, fairly presenting all constitutional claims to the state courts so they

**MEMORANDUM DECISION AND ORDER - 6**

have a full and fair opportunity to correct alleged constitutional errors at each level of appellate review. *Baldwin v. Reese*, 541 U.S. 27 (2004). In a state that has the possibility of discretionary review in the highest appellate court, like Idaho, the petitioner must have presented all of his federal claims at least in a petition seeking review before that court. *O'Sullivan v. Boerckel*, 526 U.S. at 845.

When a habeas petitioner has not fairly presented a constitutional claim to the highest state court, and it is clear that the state court would now refuse to consider it because of the state's procedural rules, the claim is said to be "procedurally defaulted." *Gray v. Netherland*, 518 U.S. 152, 161 (1996). A habeas claim is also procedurally defaulted when the petitioner actually raised the claim in state court, but the state court denied or dismissed the claim after invoking a state law ground that is independent of federal law and is adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991).

A federal court cannot reach the merits of a procedurally defaulted claim unless the petitioner can establish cause for his default and actual prejudice, or he can show a miscarriage of justice in his case, which means that he is probably innocent. *Coleman*, 501 U.S. at 750. To show "cause," the petitioner must ordinarily establish that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To show prejudice, the petitioner bears the burden of demonstrating that the errors "worked to [his] actual and substantial disadvantage, infecting [his] entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

**MEMORANDUM DECISION AND ORDER - 7**

2. Discussion

On direct appeal, Petitioner's claim that the trial court abused its discretion in sentencing him implicated only state law issues. During the post-conviction matter, Petitioner presented a number of claims of ineffective assistance of trial counsel to the Idaho Court of Appeals, but he sought review in the Idaho Supreme Court over a single claim, arguing that his post-conviction petition "should have been granted based on the proof of ineffective assistance of counsel at the new trial motion." (State's Lodging E-8, p. 8.) In other words, he focused only on his trial counsel's handling of the motion for new trial. That issue corresponds to Claim B-1 in the current Petition, and it has been properly exhausted. Conversely, Claim B-2, which refers to and incorporates Petitioner's briefing of the additional claims of ineffective assistance of counsel in the Idaho Court of Appeals, was not fairly presented to the Idaho Supreme Court. Because it is too late to present those claims now, *see* Idaho Code § 19-4902, they are procedurally defaulted in this habeas proceeding.

Petitioner argues that the state district court's failure to give him adequate notice before dismissing certain claims in the post-conviction action "denied [him] of the opportunity to respond," and he appears to assert that this should serve as a cause that excuses the default of the additional claims of ineffective assistance of counsel. (Dkt. 16, pp. 4-5.) Contrary to his argument, however, the Idaho Court of Appeals concluded that he had received sufficient notice before dismissal and that state procedural law had been properly followed. (State's Lodging E-4, pp. 5-8.) It is not this Court's place on habeas review to second guess those determinations. Additionally, the Idaho Court of Appeals indicated that

**MEMORANDUM DECISION AND ORDER - 8**

several other claims had been dismissed after post-conviction counsel conceded them, presumably because counsel did not believe he could prevail on those claims. (State's Lodging E-2, p. 2.) More importantly, Petitioner's default is not based on his failure to develop the additional allegations in Claim B-2 in state district court, but is instead based on his choice to limit the scope of the review that he sought in the Idaho Supreme Court.

Petitioner has offered no other cause that might excuse his failure to present the additional claims to the Idaho Supreme Court, and the Court has independently reviewed the record and found none. Accordingly, Respondents' Motion for Partial Summary Dismissal will be granted.

## ORDER

IT IS ORDERED:

1. Petitioner's Motion for Appointment of Counsel in a Habeas Corpus Proceeding by State Prisoner (Dkt. 17) is DENIED.

2. Respondents' Motion for Partial Summary Dismissal (Dkt. 8) is GRANTED. Claims A and B-2 in the Petition are DISMISSED with prejudice.

3. Respondents shall file an answer to the remaining claim on or before May 2, 2011. All dispositive motions, such as a motion for summary judgment, shall be filed on or before May 31, 2011. Responses shall be filed within 30 days of receiving a motion, and replies shall be filed within 14 days of a receiving a response. All other rules and deadlines in the Court's Initial Review Order are incorporated herein . (Dkt. 6, pp. 3-5.)

SO ORDERED.

DATED:  **March 1, 2011**

Honorable Edward J. Lodge
U. S. District Judge