UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| VINCENT B. VIDEGAIN,<br><br>                  Petitioner,<br><br>    v.<br><br>PHILLIP VALDEZ, Warden, Idaho Correctional Institution; and the IDAHO ATTORNEY GENERAL,<br><br>                  Respondents. | Case No. 1:10-cv-00104-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

Currently pending in this habeas corpus matter is Respondents' Motion for Summary Judgment. (Dkt. 26.) The Court finds that decisional process would not be aided by oral argument, and it will resolve this matter on the record after consideration of the parties' written submissions. D. Idaho L. Civ. R. 7.1(d).

For the reasons set forth below, the Court will grant Respondents' Motion for Summary Judgment, and this case will be dismissed.

## BACKGROUND

In 2004, Petitioner and a co-defendant, Brandon Hussey, were charged with attempting to rob a taxi driver at gunpoint (attempted robbery, Idaho Code § 18-6501) and with shooting at the driver as he fled (aggravated assault, Idaho Code §§ 18-901(a), 18-905(a)). (State's Lodging A-1, p. 7.) The driver testified that two men approached him,

**MEMORANDUM DECISION AND ORDER - 1**

one of whom stuck a gun in the window and demanded money. (State's Lodging A-2, p. 30.) When he saw the gun, the driver sped away and heard gunshots before crashing his taxi into a cement post. (*Id*. at 34.) The driver later identified Petitioner as the man who had threatened him with the gun and demanded money. (State's Lodging A-2, p. 30.) Petitioner testified at his trial, however, that Hussey brandished the gun and fired the shots. (State's Lodging A-2, pp. 177-78.) Petitioner was found guilty as charged, and the state trial court sentenced him to a unified term of 25 years, with a minimum period of confinement of 10 years, for attempted robbery, and a concurrent term of five years for aggravated assault. (State's Lodging A-1, pp. 127-30.)

      Before the direct appeal, Petitioner's counsel filed a motion for a new trial based on comments that he had overhead from Hussey's attorney, Stewart Morris, who allegedly said that "he had resolved a case in which his client had shot up a taxicab in an attempted robbery." (State's Lodging A-1, p. 140.) When asked, Morris told Petitioner's counsel that Hussey was the client about whom he was speaking. (*Id*.) The trial court scheduled a hearing on the motion, but Petitioner's counsel failed to serve a subpoena on Morris to testify. (State's Lodging A-5.) The trial court denied the motion after concluding that the statement attributed to Morris was unreliable and would not be admissible at a trial. (State's Lodging A-5, pp. 56-57.)

      On direct appeal, Petitioner raised a single claim, that the trial court abused its discretion in sentencing him. (State's Lodging C-2.) The Idaho Court of Appeals

**MEMORANDUM DECISION AND ORDER - 2**

affirmed, and Petitioner's Petition for Review was denied by the Idaho Supreme Court. (State's Lodgings C-5, C-8.)

Petitioner next filed a pro se Petition for Post-Conviction Relief, which he amended with the assistance of counsel, raising numerous claims of ineffective assistance of counsel. (State's Lodging D-1, pp. 1-15, 125-30.) The State filed a motion to summarily dismiss the Petition, and the state court dismissed all but six of the claims. (State's Lodging D-2, pp. 38-45.) After an evidentiary hearing on the remaining claims, the court denied relief. (State's Lodging D-1, pp. 140-150.)

Petitioner appealed, but the Idaho Court of Appeals affirmed. (State's Lodging E-11.) In addition to affirming the summarily dismissed claims, the Court of Appeals addressed, in relevant part, Petitioner's claim that his trial counsel was ineffective at the hearing on the motion for new trial because he failed to subpoena Morris to testify in support of the motion. (*Id*. at pp. 8-11.) On that claim, the Court of Appeals concluded that Petitioner "failed to meet his burden of proving that trial counsel's performance was deficient and that he was prejudiced thereby." (*Id*. at 11.)

Petitioner was granted permission to file a late Petition for Review, which the Idaho Supreme Court denied. (State's Lodgings E-8, E-10.)

On February 23, 2010, Petitioner filed his Petition for Writ of Habeas Corpus in this Court, alleging (1) that he was denied his right to due process of law under the Fifth and Fourteenth Amendments when the state court "summarily and absent adequate notice

**MEMORANDUM DECISION AND ORDER - 3**

dismissed several of his post-conviction claims without an evidentiary hearing" (Claim A), and (2) that he was deprived of his Sixth Amendment right to the effective assistance of trial counsel on various grounds (Claims B-1 and B-2). (Dkt. 1, p. 4.) Chief Magistrate Judge Candy W. Dale conducted an initial review of the Petition and ordered the Clerk to serve it on Respondents. (Dkt. 6.) Respondents filed a Motion for Partial Summary Dismissal, and the case was then reassigned to the undersigned District Judge due to lack of consent from all parties to proceed before a United States Magistrate Judge. (Dkt. 19.)

The Court thereafter granted Respondents' Motion and dismissed Petitioner's first claim as not cognizable in a federal habeas corpus matter and found that the second claim was properly exhausted only to the extent that it raised an ineffective assistance of trial counsel claim based on counsel's handling of the motion for a new trial (Claim B-1). (Dkt. 8, pp. 1-2.)

The Court ordered Respondents to file an Answer on the remaining claim, and they have done so. (Dkt. 21.) Respondents have also submitted a Motion for Summary Judgment in which they contend that relief should be denied. (Dkt. 22.) Petitioner has filed his Response (Dkt. 26), and the Court is now prepared to resolve this matter.

## LEGAL FRAMEWORK FOR HABEAS REVIEW

The provisions of the Anti-terrorism and Effective Death Penalty Act (AEDPA) are applicable to this case. Under AEDPA, the Court cannot grant relief on any federal claim that the state court adjudicated on the merits, unless the state court's adjudication of

**MEMORANDUM DECISION AND ORDER - 4**

the claim:

1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

Section 2254(d)(1) has two clauses, each with independent meaning. For a decision to be "contrary to" clearly established federal law, the petitioner must establish that the state court applied "a rule of law different from the governing law set forth in United States Supreme Court precedent, or that the state court confronted a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrived at a result different from the Court's precedent." *Williams v. Taylor*, 529 U.S. 362, 404-06 (2000).

To satisfy the "unreasonable application" clause, the petitioner must show that the state court was "unreasonable in applying the governing legal principle to the facts of the case." *Williams*, 529 U.S. at 413. A federal court cannot grant relief simply because it concludes in its independent judgment that the decision is incorrect or wrong; the state court's application of federal law must be objectively unreasonable. *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003); *Bell v. Cone*, 535 U.S. 685, 694 (2002). Moreover, a federal habeas court's review under § 2254(d)(1) "is limited to the record that was before the

**MEMORANDUM DECISION AND ORDER - 5**

state court that adjudicated the claim on the merits," and new evidence offered for the first time in federal court will not be considered. *Cullen v. Pinholster*, 131 S.Ct. 1388, 1398 (2011).

To be eligible for relief under § 2254(d)(2), the petitioner must show that the state court's decision was based upon factual determinations that were "unreasonable in light of the evidence presented in the State court proceeding." *Id*.

## CLEARLY ESTABLISHED FEDERAL LAW

To show a violation of the Sixth Amendment based on a claim of ineffective assistance of counsel, a petitioner must establish (1) that his counsel's performance was unreasonably deficient and (2) that the defense was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 686-87 (1984).

The standard for attorney performance in a criminal case is that of reasonably effective assistance, measured under prevailing professional norms. *Strickland*, 668 U.S. at 687-88. In assessing whether the representation fell below an objective standard of reasonableness, counsel's conduct must be viewed under the facts that existed at the time that the challenged act or omission occurred, rather than through the benefit of hindsight. *Id*. at 689. The court must indulge in the strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Id*.

"There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way."

**MEMORANDUM DECISION AND ORDER - 6**

*Strickland,* 466 U.S. at 689. As a result, "[t]he question is whether an attorney's representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practices or most common custom." *Harrington v. Richter*, 131 S.Ct. at 788 (internal quotations and citation omitted).

If a petitioner can show unreasonably deficient representation, he must still establish actual prejudice under *Strickland*'s second prong. To do so, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland,* 466 U.S. at 694.

A state court has significant freedom to apply rules of general applicability, such as the rule for ineffective assistance of counsel, to the different fact patterns that come before it. *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). The Supreme Court has recently reaffirmed that "[w]hen §2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Harrington*, 131 S.Ct. at 778.

## DISCUSSION

In turning aside Petitioner's remaining Sixth Amendment claim, the Idaho Court of Appeals found that Petitioner has shown neither deficient performance nor prejudice. (State's Lodging E-4, pp. 10-11.) The Court of Appeals noted that trial counsel testified in the post-conviction matter that he made a strategic decision to attempt service on Attorney Morris at the last minute so that he might be caught by surprise, but that the

**MEMORANDUM DECISION AND ORDER - 7**

strategy backfired when Morris could not be located. (State's Lodging B-11, p. 10.) In finding a lack of prejudice, the Court of Appeals relied on trial counsel's admission at the post-conviction hearing that Morris likely would have refused to testify that he had made a statement that incriminated his client. (*Id*. at 11.) The Court of Appeals also pointed to trial counsel's testimony that he thought the motion was generally "weak" and had little probability of success. (*Id*.) This Court has reviewed the state court's decision and concludes that Petitioner has not established that its adjudication of the claim was contrary to or involved an unreasonable application of *Strickland* and its progeny, or was based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d).

Whatever else might be said about whether it was a reasonable strategy for trial counsel to delay serving the subpoena on Morris, Petitioner's claim suffered from a lack of evidence that, but for counsel's supposed error, there is a reasonable probability of a different outcome. That is, the state court's determination that Petitioner had not shown prejudice is reasonable. First, it is entirely speculative what Morris might have testified to had he been properly subpoenaed: he may have denied making the statements attributed to him; he may have testified that he could not recall making the statements; he may have testified that the statements were different than how trial counsel described them; or, perhaps most likely, he may have invoked attorney-client privilege and refused to testify. Moreover, the statements were lacking in foundation and context. It is unknown why

**MEMORANDUM DECISION AND ORDER - 8**

Morris may have believed that his client was the shooter, and Petitioner offered no other evidence to corroborate that view. As the record stands, the proffer before the state court amounted to the co-defendant's attorney's off-hand comment in an informal setting that he thought the wrong guy may have been prosecuted as the shooter. Even if the trial court had considered that evidence, without more, there is no reasonable probability that Petitioner would have received a new trial.

In sum, Petitioner had an opportunity to prove his claim of ineffective assistance in the state post-conviction hearing, yet he offered no evidence to establish how the hearing on the motion for a new trial might been changed materially in his favor had his counsel subpoenaed Morris. The evidence that was presented, mainly speculation from trial counsel himself, was unfavorable. Trial counsel admitted that he thought the motion was "very weak . . . but it was all we had." (State's Lodging D-3, p. 85.)

Accordingly, the Court concludes that Petitioner has not established that he is eligible for relief under 28 U.S.C. § 2254(d). Respondents' Motion for Summary Judgment will be granted, and this case will be dismissed.[1]

## CERTIFICATE OF APPEALABILITY

As required by Rule 11 of the Rules Governing Section 2254 Cases, the Court now evaluates this case for suitability of a certificate of appealability ("COA").  *See also* 28

---

[1] Petitioner claims that there are many factual issues that are still in dispute, but AEDPA requires the federal court's review to be based on the record developed in the state court and does not allow for new factual development in federal court, absent unusual circumstances not present here. *See* 28 U.S.C. § 2254(e)(2).

**MEMORANDUM DECISION AND ORDER - 9**

U.S.C. § 2253(c).

A habeas petitioner cannot appeal unless a COA has issued. 28 U.S.C. § 2253. A COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing can be established by demonstrating that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner" or that the issues were "adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).

The Court does not believe that reasonable jurists would debate its determination that Claim A in the Petition is not cognizable, Claim B-2 is procedurally defaulted, and that Petitioner is not entitled to habeas relief on Claim B-1. The Court will not issue a COA, though Petitioner is advised that he may still seek one in the Ninth Circuit Court of Appeals pursuant to Rule 22 of the Federal Rules of Appellate Procedure and Local Ninth Circuit Rule 22-1. To do so, he must first file a timely notice of appeal in this Court.

## ORDER

IT IS ORDERED:

1. Respondents' Motion for Summary Judgment (Dkt. 22) is GRANTED.

2. A certificate of appealabilty will not issue in this case. If Petitioner files a timely notice of appeal, and not until such time, the Clerk of Court shall forward a copy of the notice of appeal, together with this Order, to the

Ninth Circuit Court of Appeals. The district court's file in this case is available for review online at www.id.uscourts.gov.

DATED: **March 6, 2012**

~~Honor~~able Edward J. Lodge
U. S. District Judge

**MEMORANDUM DECISION AND ORDER - 11**